**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IMPORT MOTORS II, INC. DBA AUDI
CONCORD,

                Petitioner,

  v.

NATIONAL LABOR RELATIONS
BOARD,

                Respondent,

----------------------------------------

MACHINISTS AUTOMOTIVE TRADES
DISTRICT LODGE NO. 190, MACHINIST
LOCAL 1173,

                Intervenor.

No. 23-1771

NLRB No. 32-CA-281627

MEMORANDUM[*]

NATIONAL LABOR RELATIONS
BOARD,

                Petitioner,

  v.

IMPORT MOTORS II, INC. DBA AUDI
CONCORD,

No. 23-1949

NLRB No. 32-CA-281627

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

On Petition for Review of an Order of the
National Labor Relations Board

Submitted October 25, 2024[**]
San Francisco, California

Before: CLIFTON, SUNG, and SANCHEZ, Circuit Judges.

Audi Concord petitions for review of an order by the National Labor Relation Board (the Board) determining that it violated Section 8(a)(5) and (1) of the National Labor Relations Act by refusing to bargain with Machinists Automotive Trades District Lodge No. 190, Machinist Local 1173 (the Union). The Board cross-applies for enforcement of its order.

"We will not overturn a Board decision to certify a union unless it has abused its discretion." *NLRB v. Cal-W. Transp.*, 870 F.2d 1481, 1484 (9th Cir. 1989) (citation omitted). We must affirm the Board "if its findings of fact are supported by substantial evidence and it correctly applied the law." *Int'l All. of Theatrical Stage Emps., Loc. 15 v. NLRB*, 957 F.3d 1006, 1013 (9th Cir. 2020) (citation omitted). We have jurisdiction under 29 U.S.C. § 160(e) and (f). We deny Audi Concord's petition and enforce the Board's order.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. The Board acted within its discretion in certifying the Union over Audi Concord's allegations of improper ballot solicitation. Substantial evidence supports the Hearing Officer's finding that Jesse Juarez, the Union's organizer, did not demand in a video call during the voting period of the mail-ballot election that voters attend a "ballot signing meeting" at a local restaurant. No witness testified that Juarez demanded or even suggested that voters attend a ballot signing meeting at a restaurant.

Substantial evidence also supports the Hearing Officer's determination that no one else on the video call engaged in ballot solicitation. To the extent Audi Concord argues that someone else on the video call discussed a ballot signing meeting while Juarez was present and did not object, the company relies solely on the hearsay testimony of Alto Rechenauer, one of its managers. But Audi Concord's sole employee witness, Patty Hudec, testified that "nobody said to me, come to this restaurant and bring your ballot. That did not happen." Hudec's own testimony thus undermines Rechenauer's account that Hudec told him about a discussion about a proposed ballot signing meeting. Because "a clear preponderance of all the relevant evidence" does not convince us that the Hearing Officer's credibility determinations were incorrect, we refuse to disturb them. *Bell Foundry Co. v. NLRB*, 827 F.2d 1340, 1343 (9th Cir. 1987).

Finally, contrary to Audi Concord's allegations, Hudec did not directly

attribute her apprehension "about how to vote" to the proposed restaurant meeting. Instead, she explained that it would be "obvious who votes which way" because there were "only so many people here." The Hearing Officer reasonably inferred that Hudec's concerns were "based primarily on the fact that because it was a small unit, most other members of the unit would know from the results how she voted." Because substantial evidence supports the Hearing Officer's findings, the Board properly rejected Audi Concord's allegations of objectionable ballot solicitation.

2. The Board also correctly rejected Audi Concord's claim that the video call constituted unlawful electioneering under *Milchem, Inc.*, 170 N.L.R.B. 362 (1968). In *Milchem*, the Board established a "strict rule" against "prolonged conversations between representatives of any party to the election and voters waiting to cast ballots." *Id.* at 362. "Subsequent Board decisions have emphasized that the *Milchem* strict rule against electioneering applies only where . . . the conversations occurred at the polling place itself or while the employees were waiting in line." *Bos. Insulated Wire & Cable Sys. v. NLRB*, 703 F.2d 876, 881 (5th Cir. 1983) (citations omitted); *see also NLRB v. Hudson Oxygen Therapy Sales Co.*, 764 F.2d 729, 732 (9th Cir. 1985) (describing "the general rule against electioneering at the *polling place*" (emphasis added)).

The Hearing Officer correctly concluded that, under existing precedent, a Union is free to engage in lawful electioneering during the pendency of a mail-

4

ballot election. Audi Concord's reliance on *Milchem* is misplaced. The *Milchem* rule applies only to in-person elections, where the prolonged conversation occurs at the polling place or while the employees are standing in line. *See Bos. Insulated Wire*, 703 F.2d at 881. The Board properly declined to extend this rule to bar campaign communications during the voting period of a mail-ballot election, where employees neither visit a polling place nor wait in line.

Audi Concord asserts that this case is differentiable because the "video call attended by a Union representative went beyond mere advocacy for the Union." But this argument turns on the content rather than the circumstances of the video call, and *Milchem* does not consider the subject matter of a voting-line discussion in determining whether unlawful electioneering has occurred. *See Milchem*, 170 N.L.R.B. at 362–63. Moreover, Audi Concord's argument merely repackages its allegations of ballot solicitation, and as explained above, substantial evidence in the record supports the Hearing Officer determination that there was no objectionable conduct. The Board accordingly acted within its discretion in certifying the Union over Audi Concord's claim of unlawful electioneering.

3. Because we conclude that the Board did not abuse its discretion in overruling Audi Concord's objection and certifying the election, substantial evidence supports the Board's determination that Audi Concord violated Section

8(a)(5) and (1) of the Act by refusing to bargain with the Union. *See* 29 U.S.C. § 158(a)(1), (5).

**PETITION DENIED and ORDER ENFORCED.**